UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JESSICA M. MOWRY,

    Plaintiff,

    v.

KILOLO KIJAKAZI,

    Defendant.

Case No. 19-cv-02972-RS

**ORDER GRANTING MOTION FOR ATTORNEY FEES**

## I. INTRODUCTION

Plaintiff's counsel Brian Barboza moves to recover fees under 42 U.S.C. § 406(b). Dkt. 24. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for January 6, 2022 is vacated. For the reasons set forth below, the fees requested are reasonable, and the motion is granted.

## II. BACKGROUND

Plaintiff Jessica Mowry applied for social security disability benefits in 2015. The Social Security Administration ("SSA") denied the application initially and again on reconsideration. Mowry then appeared in front of an Administrative Law Judge ("ALJ") in 2017, who again denied benefits. The Appeals Council declined to review the ALJ's decision. After these denials, Mowry sought review in this Court. In December 2019, Mowry was found disabled, with an onset date of March 5, 2015. The case was remanded for payment of benefits. Dkt. 14.

In April 2020, pursuant to a stipulation between the parties, the government was ordered to

pay Mowry attorney fees in the amount of $6,900.50 under the Equal Access to Justice Act ("EAJA"). Dkt. 23. That amount was paid to Barboza, pursuant to the agreement between himself and Mowry. Barboza now moves to recover fees pursuant to pursuant to 42 U.S.C. § 406(b). In response to Barboza's motion, the government states that it "was not a party to the contingent-fee agreement between Counsel and Plaintiff and therefore is not in a position to either assent or object" to the motion. *See* Defendant's Response to Plaintiff's Counsel's Motion for Attorney Fees, Dkt. 27, at 2. The government nevertheless offers its own analysis of the motion in its role "resembling that of a trustee for Plaintiff." *Id.* at 3 (internal quotation marks and citation omitted).

### III.  LEGAL STANDARD

Section 406(b) of the Social Security Act provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits." 42 U.S.C. § 406(b)(1)(A). This fee derives from funds withheld from the past-due benefits payment by the SSA.

The Supreme Court has instructed courts to utilize attorney-client fee agreements as a baseline when considering a fee motion under 42 U.S.C. § 406(b). *Gisbrecht v. Barnhart,* 535 U.S. 789, 807–08 (2002). Courts must review such fee agreements "as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. Specifically, the attorney's recovery should be analyzed "based on the character of the representation and the results the representative achieved." *Id.* at 808. The burden is on the attorney to "show that the fee sought is reasonable for the services rendered." *Id.* at 807.

*Gisbrecht* identifies at least three examples of when a court-imposed fee reduction may be warranted. *Id.* at 807–08; *see also Crawford v. Astrue,* 586 F.3d 1142, 1151–52 (9th Cir. 2009) (en banc). First, the fee may be reduced if the attorney's representation is substandard. *Gisbrecht,* 535 U.S. at 808. Second, if "the attorney is responsible for delay . . . a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Id.* Third, if "the benefits are large in comparison to the amount of time counsel spent on

the case, a downward adjustment is similarly in order." *Id. Gisbrecht* authorized courts to consider evidence of the hours incurred and the hourly rates normally charged in non-contingent matters "as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement," but cautioned that such an inquiry should not rise to the level of "satellite litigation" over fees. *Id.* When fee awards are made under both section 406(b) and EAJA, the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee." *Id.* at 796; *see also* 28 U.S.C § 406(b)(1)(A).

## IV.  DISCUSSION

Under the terms of the agreement between Mowry and Barboza, Barboza may receive a fee up to 25 percent of Mowry's past-due benefits, i.e., up to $15,919.25. The instant motion requests fees equal to the full 25 percent, which would require Barboza to return the $6,900.50 already distributed to Barboza under the EAJA. This request must be evaluated independently from the contract for its reasonableness. *Gisbrecht*, 535 U.S. at 807.

There is no evidence in the record demonstrating Barboza's representation was substandard. Nor is there any indication that he caused any undue delay. Thus, whether the requested fees are reasonable turns on whether the request is large in comparison to the amount of time he spent on the case. Barboza states he spent 33.62 hours on this case before this Court, and thus the effective hourly fee he requests is $473.50. This rate is higher than Barboza's customary hourly rate of $350.00 per hour. In this case, however, Barboza was "working pursuant to a [] contingency contract for which there [was] a substantial risk of loss." *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003). Further, the effective hourly rate requested by Barboza is within the range of other approved fee requests. Indeed, there are cases from this District and others in which much higher hourly fees were found reasonable. *See, e.g.*, *Harrell v. Berryhill*, No. 16-cv-02428, 2018 WL 4616735, at *4 (N.D. Cal. Sept. 24, 2018) (finding $1,213.83 hourly rate reasonable); *McCullough v. Berryhill*, No. 16-cv-00625, 2018 WL 6002324, at *2 (N.D. Cal. Nov. 15, 2018) (finding $874.72 hourly rate reasonable); *Perl v. Comm'r of Soc. Sec.*, No. 16-cv-00196, 2018 WL 4042862, at *2 (E.D. Cal. Aug. 23, 2018) (finding $1,075.23 hourly rate reasonable).

Thus, it is reasonable for Barboza to be paid $15,919.25, provided he refunds the $6,900.50 in EAJA fees to Mowry.

### V.  CONCLUSION

For the reasons set forth above, the motion for attorney fees is granted. Barboza shall collect $15,919.25 in attorney fees, and must refund the EAJA award, in the amount of $6,900.50, to Mowry.

**IT IS SO ORDERED**.

Dated: December 14, 2021

_____
RICHARD SEEBORG
Chief United States District Judge